# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**MARK FLOMENHOFT and**
**LINDA FLOMENHOFT,**

      **Plaintiffs,**

**v.**                                                    **Case No.  8:12-cv-2496-T-30AEP**

**GEORGIA-PACIFIC LLC and**
**UNION CARBIDE CORPORATION,**

      **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiffs' Opposed Motion for Reconsideration of the Order Granting the Motion for Withdrawal of Counsel for Defendant Union Carbide Corporation (Dkt. 18).  Upon consideration of Plaintiffs' Motion, and being otherwise advised in the premises, the Court concludes that it should be denied.

On September 25, 2012, Plaintiffs filed the instant action in the Asbestos Division in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, alleging various claims arising from Plaintiff Mark Flomenhoft's injuries from exposure to asbestos.  On November 2, 2012, Defendant Union Carbide Corporation ("UCC"), represented by Hawkins Parnell Thackston & Young LLP ("HPTY"),  removed the action to this Court.  On December 4, 2012, the parties filed their Case Management Report

("CMR") and on December 6, 2012, the Court entered the Case Management and Scheduling Order ("CMSO").[1]  The parties then initiated discovery.

On January 25, 2013, three attorneys from the law firm of Carlton Fields, P.A. ("CF") filed notices of appearance.  On February 6, 2013, HPTY filed a motion for withdrawal.  The motion did not state in the caption that it was opposed.  The motion indicated that CF had appeared on behalf of UCC and that UCC consented to HPTY's withdrawal.  The next day, the Court granted HPTY's motion.  Plaintiffs seek reconsideration of that order because they oppose HPTY's withdrawal in this case.

The Court has considered Plaintiffs' arguments in favor of opposing HPTY's motion to withdraw in this case, but concludes that they are not persuasive at this early stage in the case.  Plaintiffs contend that HPTY's withdrawal will likely cause continuance or delay of this proceeding.  But Plaintiffs merely speculate on this issue.  The CMSO is already in place and Plaintiffs' pending motion to expedite the trial to the parties' originally agreed date of July 2013, due to Mr. Flomenhoft's rapidly deteriorating health, is not yet ripe for the Court's review.  However, HPTY's withdrawal will have no bearing on the Court's consideration of Plaintiffs' motion to expedite.  Simply put, Plaintiffs are merely guessing when they state that CF will place the timely prosecution of this case "in serious peril"; they do not point to any facts to support this fear, other than CF's representation to Plaintiffs' counsel that it will oppose Plaintiffs' motion to expedite the trial.

---

[1] Plaintiffs point out that the CMR requested a trial date on or after July 1, 2013 (Dkt. 7). The CMSO set the trial during the December 2013 term (Dkt. 8).

In sum, Plaintiffs do not point to sufficient continuance or delay to preclude UCC's decision to retain new counsel, or to permit the Court to inquire into whether there is a compelling ethical consideration in support of HPTY's withdrawal. Thus, Plaintiffs' request for reconsideration will be denied.  It is important to stress, however, that CF's recent appearance in this case will not impact the Court's ruling on Plaintiffs' pending motion to expedite the trial.

It is therefore ORDERED AND ADJUDGED that:

1.      Plaintiffs' Opposed Motion for Reconsideration of the Order Granting the Motion for Withdrawal of Counsel for Defendant Union Carbide Corporation (Dkt. 18) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida on February 12, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2012\12-cv-2496.mtwithdraw18.frm