**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**MARK FLOMENHOFT and**
**LINDA FLOMENHOFT,**

    **Plaintiffs,**

v.                                                          **Case No. 8:12-cv-2496-T-30EAJ**

**GEORGIA-PACIFIC LLC and**
**UNION CARBIDE CORPORATION,**

    **Defendants.**
_____/

**ORDER**

THIS CAUSE comes before the Court upon Defendant Georgia-Pacific LLC's Motion for Partial Final Summary Judgment on Plaintiff Linda Flomenhoft's Consortium Claim (Dkt. 48) and Plaintiffs' Response in opposition (Dkt. 55). The Court, having reviewed the motion, response, record evidence, and being otherwise advised in the premises, concludes that the motion should be granted.

**BACKGROUND**

In this product-liability (asbestos) case, the material facts related to the issue of Plaintiff Linda Flomenhoft's consortium claim are undisputed. Specifically, Plaintiff Mark Flomenhoft claims in this lawsuit that he was exposed to asbestos-containing products manufactured by Defendant Georgia-Pacific LLC in 1970. Mark and Linda Flomenhoft married in 1984. Mark Flomenhoft was diagnosed with mesothelioma, an incurable form of

cancer caused by asbestos exposure, in August 2012. Since this diagnosis, Linda Flomenhoft has cared for Mark Flomenhoft extensively.

On September 25, 2012, Mark and Linda Flomenhoft filed the instant action in the Thirteenth Judicial Circuit Court in and for Hillsborough County, Florida. The action was removed to this Court on November 2, 2012. Plaintiffs' complaint asserts claims for negligent failure to warn and strict product liability against Georgia-Pacific and seeks damages for injuries sustained by Mark Flomenhoft as a result of his alleged exposure to asbestos and/or asbestos-containing products manufactured by Georgia-Pacific. Linda Flomenhoft seeks damages for loss of consortium in Count III of the complaint.

Georgia-Pacific now moves for summary judgment on Linda Flomenhoft's loss of consortium claim because she was not married to Mark Flomenhoft at the time of his asbestos exposure.

In light of the undisputed facts and Florida law on this issue, the Court reluctantly concludes that Georgia-Pacific is entitled to summary judgment on Linda Flomenhoft's loss of consortium claim.

## SUMMARY JUDGMENT STANDARD OF REVIEW

Motions for summary judgment should be granted only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The existence of some factual disputes between the litigants will not defeat an

otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986) (emphasis in original). The substantive law applicable to the claimed causes of action will identify which facts are material. *Id.* Throughout this analysis, the court must examine the evidence in the light most favorable to the non-movant and draw all justifiable inferences in its favor. *Id.* at 255.

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. *Celotex,* 477 U.S. at 324. The evidence must be significantly probative to support the claims. *Anderson,* 477 U.S. at 248-49 (1986).

## **DISCUSSION**

In this diversity case, Florida law applies to Linda Flomenhoft's consortium claim. Notably, this Court must follow the decisions of Florida's highest court when that court has addressed the relevant issue. And this Court must follow the decisions of Florida's intermediate appellate courts with respect to the relevant issue in the absence of a Florida Supreme Court decision on the issue. *See Ins. Co. of N. Am. v. Lexow*, 937 F.2d 569, 571 (11th Cir. 1991); *see also Pardo v. State*, 596 So. 2d 665, 666 (Fla. 1992) (noting that "[t]he decisions of the district courts of appeal represent the law of Florida unless and until they are overruled by this Court.").

Under Florida common law, a spouse seeking damages for loss of consortium must have been married to his or her spouse at the time of the injury at issue. *See Tremblay v. Carter*, 390 So. 2d 816, 817-18 (Fla. 2d DCA 1980); *see also Fullerton v. Hosp. Corp. of Am.*, 660 So. 2d 389, 291 (Fla. 5th DCA 1995). In *Tremblay*, the Second District Court of Appeal held that: "If an accident occurs when the relationship of husband and wife does not exist, a person does not acquire the right to claim a loss of consortium when [t]he [person] subsequently marries the injured party." 390 So. 2d at 818.

In *Fullerton*, the Fifth District Court of Appeal extended the holding in *Tremblay* to a latent injury, that is, an injury or disease that was not discovered until some time after the plaintiff's exposure to the cause of the disease. Specifically, the plaintiff in *Fullerton* was exposed to radiation when she was a student trainee studying radiation technology at a hospital. 660 So. 2d at 390. The plaintiff married her husband several years after the radiation exposure. *Id.* Three years after they were married, the plaintiff developed thyroid cancer. *Id.* The Fifth District Court of Appeal concluded that the husband could not pursue a consortium claim because he was not married to his wife at the time of her *exposure* to the radiation, despite the fact that the wife's cause of action accrued during the marriage when the wife discovered her injury. *Id.* The Fifth District Court of Appeal noted: "We recognize that courts in other jurisdictions have permitted a consortium claim for an injury occurring prior to marriage where the cause of action accrues during the marriage when the parties discover the injury." *Id.* However, the appellate court concluded that "[i]n the absence of any statutory law on this point, Florida courts are required to follow the common-law rule

. . . Accordingly, we conclude that Fullerton may not maintain a consortium claim in this case because his wife's injury occurred prior to the marriage, and we affirm the trial court's entry of partial final summary judgment." *Id.* at 391.

Recently, the Second District Court of Appeal affirmed an order issued from the Thirteenth Judicial Circuit Court in and for Hillsborough County, Florida, which granted summary judgment in favor of the defendants on a loss of consortium claim in an asbestos matter with nearly identical facts to the instant case. *See Stevens v. Ford Motor Corp.*, 107 So. 3d 416 (Fla. 2d DCA 2012) (*per curium*). The plaintiffs in *Stevens*, similar to Mark and Linda Flomenhoft in the instant case, argued that *Tremblay* and *Fullerton* should not apply to bar the consortium claim because the injury from the asbestos exposure did not accrue until Mr. Stevens *discovered* he had mesothelioma. (*See* Dkt. 48-6; Order Granting Defendants' Motion for Partial Summary Judgment at ¶6). The plaintiffs contended that it would be unfair to preclude a cause of action for loss of consortium when the underlying claim was undiscovered and undiscoverable prior to the plaintiffs' marriage. *Id.*

The Hillsborough Circuit Court rejected the plaintiffs' argument, stating, in relevant part:

> Plaintiff is correct in his assertion that for purposes of the statute of limitations the cause of action in this case accrued when his asbestos related disease manifested itself, as opposed to when he was exposed to this [sic] asbestos. However, it seems that the *Fullerton* court did not concern itself with when the cause of action accrued when considering the loss of consortium issue, even though loss of consortium is a derivative claim. It would seem logical to conclude that the loss of consortium claim of Mrs. Stevens could not have accrued until Mr. Stevens' illness manifested itself. While the court is sympathetic to the

>position advanced by the Plaintiffs, it is compelled to follow the holding of the majority opinion of the court in [*Fullerton*] . . . *Fullerton* is factually analogous to the instant case and appears to be the only Florida court decision addressing the issue of whether a claim for loss of consortium should be precluded when the injury which forms the basis of the claim occurs prior to the marriage but the cause of action does not accrue until the injury is discovered during the marriage.

*Id.* at ¶7.

The Court agrees with the Hillsborough Circuit Court's opinion to the extent that the Court similarly concludes that it is bound by *Fullerton* to enter judgment in Georgia-Pacific's favor on Linda Flomenhoft's consortium claim as a matter of law because she was not married to Mark Flomenhoft at the time of his asbestos exposure.[1] The Court sympathizes with Linda Flomenhoft's plight in this case and the Court respectfully disagrees with the *Fullerton* decision to the extent that it applied *Tremblay*, which involved an accident, to a case involving a latent injury. It would be more logical and fair to apply Florida's discovery rule to the marriage requirement in a spouse's loss of consortium claim. In other words, the fairer test would be whether the plaintiffs were married at the time the injured plaintiff was diagnosed with the asbestos-related disease, which is the same time that the cause of action based on the asbestos-related disease accrued. However, this Court's hands are tied; it cannot ignore binding Florida law on this issue.

It is therefore ORDERED AND ADJUDGED that:

---

[1] The Court disagrees with Plaintiffs' response to the extent that Plaintiffs contend that *Fullerton* and Florida law do not preclude Linda Flomenhoft's consortium claim.

1. Defendant Georgia-Pacific LLC's Motion for Partial Final Summary Judgment on Plaintiff Linda Flomenhoft's Consortium Claim (Dkt. 48) is GRANTED to the extent stated herein.

2. The Clerk of Court is directed to enter a Partial Final Judgment in Defendant Georgia-Pacific LLC's favor and against Plaintiff Linda Flomenhoft on Plaintiff Linda Flomenhoft's loss of consortium claim.

**DONE** and **ORDERED** in Tampa, Florida on July 10, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2012\12-cv-2496.msj-consortium claim.frm